UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN MACVICAR, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:24-cv-00341-LEW |
| ) | |
| ALLIANCE HOME INSPECTIONS, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION AFTER REVIEW OF
PLAINTIFF'S COMPLAINT**

Plaintiff, who formerly worked for Defendant Alliance Home Inspections (Alliance), alleges that he suffered compensable harm because Alliance, and its owner, Defendant Troy Francis, improperly classified Plaintiff as an independent contractor rather than as an employee and otherwise interfered with his business. (Complaint, ECF No. 1.) Plaintiff alleges that Defendants Dave Attoney and Eaton Peabody also interfered with his business. (*Id.*)

With his complaint, Plaintiff filed a motion to proceed without payment of fees, which motion the Court granted. (Motion, ECF No. 3; Order, ECF No. 5.) In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter unless Plaintiff amends his complaint in accordance with this Recommended Decision to assert an actionable claim.

## FACTUAL BACKGROUND

Plaintiff alleges that he was employed by Alliance from September 2020 to October 2021. (Complaint ¶ 9.) According to Plaintiff, when he was hired, Alliance and Defendant Francis told Plaintiff that he was a 1099 independent contractor and not an employee. (*Id.* ¶ 11.) As such, Plaintiff asserts, Alliance and Defendant Francis did not pay employer payroll taxes. (*Id.* ¶ 38.) Plaintiff alleges he was required to pay the unpaid employer payroll taxes to the Internal Revenue Service (IRS). (*Id.* ¶ 40.) Alliance terminated its relationship with Plaintiff in October 2021. (*Id.* ¶ 48.) Plaintiff maintains that because Alliance did not pay into unemployment during his time with the company, Plaintiff was ineligible to collect unemployment benefits after the termination of his employment. (*Id.* ¶¶ 44, 49.) Plaintiff further asserts that after he filed a SS-8 form with the IRS in 2022, (*Id.* ¶ 45), the IRS determined that Plaintiff had been an employee of Alliance. (*Id.* ¶ 46.)

After Plaintiff's work with Alliance ended, Plaintiff started his own home inspection business. (*Id.* ¶ 50.) According to Plaintiff, in April 2022, Defendant Francis sent an email to Plaintiff threatening legal action unless Plaintiff ceased business operations. (*Id.* ¶ 51.) Plaintiff asserts that in that email, Defendant Francis stated he was relying on legal advice from the law firm Eaton Peabody and the attorney Dave Attoney. (*Id.* ¶¶ 52, 55; Email, ECF No. 1-3.)

Plaintiff alleges the following claims: breach of fiduciary duty (Count I), filing fraudulent tax information (Count II), violations of the Fair Labor Standards Act (Count III), interference with business by fraud or intimidation (Count IV), violations of Maine's Unfair Trade Practices Act (Count V), Unjust Enrichment (Count VI), the intentional

infliction of emotional distress (Count VII), tortious interference with business advantage (Count VIII), and extortion (Count IX).

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This

3

is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

### A.   Fraudulent Filing of Information Return

Under 26 U.S.C. § 7434, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a). "[W]illfulness in [the context of § 7434] connotes a voluntary intentional violation of a legal duty." *Vandenheede v. Vecchio*, 541 Fed. App'x 577, 580 (6th Cir. 2013) (internal quotation marks omitted). "In other words, 'the plaintiff must show that the defendants, aware of the duty purportedly imposed by Section 7434, specifically intended to flout the statute.'" *Czerw v. Lafayette Storage & Moving Corp.*, Case # 16-CV-6701-FPG, 2018 WL 5859525, at *3 (W.D.N.Y. Nov. 9, 2018) (quoting *Tran v. Tran*, 239 F. Supp. 3d 1296, 1298 (M.D. Fla. 2017)).

The court's reasoning in *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290 (S.D. Fla. 2014) is instructive. In dismissing a claim for the fraudulent filing of information return where, as in this case, the plaintiff alleged he was an employee and not an independent contractor as the defendants reported, the court explained:

> While Plaintiff has provided facts to show he may be an "employee" under FLSA entitled to the issuance of W-2 forms, he has failed to include specific facts supporting an inference of scienter, i.e., that Defendants willfully filed fraudulent information returns. Bare assertions that Defendants "knew" the returns to be false, or that Plaintiff requested that Defendants pay him as an employee—without specific facts as to the who, what, why or how surrounding the actual filing of returns—does not meet the standard for pleading tax fraud.

4

51 F. Supp. 3d at 1298.

Here, Plaintiff has alleged facts relevant to the question of whether Plaintiff was an employee or independent contractor. (*See* Complaint ¶¶ 13–24.) Plaintiff has also provided an analysis purportedly from the Internal Revenue Service finding that Plaintiff was an employee of Defendant. (Internal Revenue Service SS-8 Determination Analysis at 2, ECF No. 1-2.) As with the plaintiff in *Leon*, however, Plaintiff has not alleged facts that would support a finding that Alliance and Defendant Francis acted willfully. Rather, Plaintiff's complaint includes conclusory allegations (e.g., that defendants knew or had reason to know that Plaintiff should have received a W-2 form), which are insufficient. Plaintiff, therefore, has not alleged a claim under § 7434. [1]

**B.     Fair Labor Standards Act**

The FLSA requires an employer to pay an employee "at a rate not less than one and one-half times the regular rate at which [the employee] is employed" for each hour worked in excess of forty hours per workweek. 29 U.S.C. § 207(a)(1). *But see* 29 U.S.C. § 213(a)(1) (listing exemptions to § 207(a)(1)). Employees may sue employers for violations of § 207. 29 U.S.C. § 216(b).

---

[1] Even if Plaintiff had alleged sufficient facts to support a finding that Alliance and Defendant Francis knew Plaintiff was an employee, Plaintiff still might not be able to prosecute a claim under § 7434. Some courts have found that a claim exists only where the information return contains false information regarding the amount paid. *See Greenwald v. Regency Mgmt. Servs., LLC*, 372 F. Supp. 3d 266, 270 (D. Md. 2019) (quoting *Liverett v. Torres Advanced Enter. Sols. LLC*, 192 F.Supp.3d 648, 653 (E.D. Va. 2016); *Tran v. Tran*, 239 F. Supp. 3d 1296, 1298 (M.D. Fla. 2017)) ("[S]ome district courts have concluded that § 7434(a) 'creates a private cause of action only where an information return is fraudulent with respect to the amount purportedly paid to the plaintiff.' As a result, these courts concluded that § 7434(a) 'provides no remedy for a person incorrectly classified as an independent contractor.'"). Because Plaintiff has not otherwise alleged an actionable claim, the Court need not reach this issue.

"Under the [FLSA], an action for unpaid compensation must commence within two years after a cause of action accrues and three years if the cause of action arises out of a willful violation." *Trezvant v. Fidelity Emp'r Servs. Corp.*, 434 F. Supp. 2d 40, 51 (D. Mass. 2006) (citing 29 U.S.C. § 255(a)). "Although the statute of limitations is generally an affirmative defense, it is well settled that the Court may raise it *sua sponte* when screening a prisoner's complaint under § 1915(e)(2). It is also clear that a complaint should be dismissed if the "temporal hurdle is both apparent and insurmountable." *Tucker v. Bailey*, No. 17-224 WES, 2018 WL 791252, at *6 (D.R.I. Feb. 8, 2018) (quoting *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991) and citing *Street v. Vose*, 939 F.2d 38, 39 (1st Cir. 1991)).

A violation of the FLSA is willful, and thus subject to the three-year statute of limitations, when the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richard Shoe Co.*, 486 U.S. 1677, 1681 (1988); *e.g.*, *Giguere v. Port Resources, Inc.*, No. 2:16-cv-58-NT, 2018 WL 1997754, at *10 (D. Me. Apr. 27, 2018). "An employer does not act willfully even if it acts unreasonably in determining whether it is in compliance with the FLSA." *Baystate Alt. Staffing Inc. v. Herman*, 163 F.3d 668, 681 (1st Cir. 1998). The burden is on the plaintiff "to plead facts that make entitlement to the willfulness exception plausible." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021).

Here, Plaintiff was employed by Alliance from September 2020 to October 2021. (Complaint ¶ 9, ECF No. 1.) Plaintiff filed his complaint on October 3, 2024, more than two years after he was last employed by Alliance. (*Id.* at 1.) Unless the three-year

6

limitations period applied to Plaintiff's claim, the statute of limitations would preclude Plaintiff from prosecuting his claim. Plaintiff has not alleged any facts that would support a finding that Alliance or Defendant Francis knew of or showed reckless disregard for a FLSA violation. Accordingly, the three-year limitation period does not apply and Plaintiff's claim is barred by the two-year statute of limitations.

### C. Blackmail and Extortion

Plaintiff alleges that the actions of Defendants constitute blackmail and extortion. To the extent Plaintiff seeks to assert a claim based on violation of criminal statutes prohibiting blackmail and extortion, Plaintiff's claim fails. "[I]t is well-settled that criminal statutes do not provide a private cause of action. . . ." *Lundgren v. Universal Wilde*, 384 F. Supp. 3d 134, 136 (D. Mass. 2019); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Generally, a private citizen has no authority to initiate a federal criminal prosecution. Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242.").

To the extent Plaintiff asserts a claim of blackmail and extortion as a tort, as explained below, the Court would not have subject matter jurisdiction over the claim.

### D. Remaining State Claims

Plaintiff asserts several state tort and statutory claims against Defendants. (*See* Complaint at 6, 9–14.) Because dismissal of the federal claims is warranted, the Court should not exercise supplemental jurisdiction over the state law claims in these circumstances. *See Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the

early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims").

Because Plaintiff has not asserted a federal claim, dismissal of state law claims is warranted as there is no federal claim to which the state law claim would be related for purposes of the Court's supplemental jurisdiction.[2] 28 U.S.C § 1367(a), (c); *Rodriquez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.").

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, unless Plaintiff amends his complaint within fourteen days to address the deficiencies identified herein, which include Plaintiff's failure to allege facts sufficient to satisfy the willful standard on the federal claims he attempts to assert, I recommend the Court dismiss Plaintiff's complaint.

---

[2] Supplemental jurisdiction would be necessary to maintain Plaintiff's claim in this Court because the Court does not have diversity jurisdiction to consider the state law claims. *See* 28 U.S.C. §§ 1332, 1367. For a court to exercise diversity jurisdiction, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). Plaintiff asserts he and all Defendants are residents of Maine. (Complaint ¶¶ 3–7.) Although Plaintiff is currently in federal custody in Danbury, Connecticut, that does not change his citizenship for purposes of diversity jurisdiction. *See, e.g.*, *Casanova v. Ramos*, No. 21-cv-851-PB, 2024 WL 3432185, at *2 (D.N.H. July 1, 2024) (presuming plaintiff retained his pre-detention citizenship absent any evidence he intended to live elsewhere after release from prison); *Hall v. Clark*, No. 08-cv-465-SM, 2009 WL 1360476, at *2 (D.N.H. May 14, 2009).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of November, 2024.