UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN MACVICAR, | ) |
|       Plaintiff | ) |
| v. | )    1:24-cv-00341-LEW |
| ALLIANCE HOME INSPECTIONS et al., | ) |
|       Defendants | ) |

**SUPPLEMENTAL RECOMMENDED DECISION**

Following a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915, I concluded that Plaintiff had not alleged facts that would support a plausible claim against any of the defendants. Accordingly, I recommended the Court dismiss the matter unless Plaintiff amended his complaint to allege an actionable claim. (Recommended Decision, ECF No. 9.) Plaintiff subsequently filed an amended complaint. (Amended Complaint, ECF No. 13.)

Following a review of the amended complaint, I recommend the Court dismiss some of Plaintiff's claims, including all claims against two defendants, and allow Plaintiff to proceed on two claims.

## FACTUAL BACKGROUND[1]

Plaintiff alleges that he was employed by Defendant Alliance Home Inspections (Alliance) from September 2020 to October 2021. (Amended Complaint ¶ 9.) According to Plaintiff, when he was hired, Alliance and Defendant Francis told Plaintiff that he was a 1099 independent contractor and not an employee. (*Id.* ¶ 11.) As such, Plaintiff asserts, Alliance and Defendant Francis did not pay employer payroll taxes. (*Id.* ¶ 38.) Plaintiff alleges he was required to pay the unpaid employer payroll taxes to the Internal Revenue Service (IRS). (*Id.* ¶ 40.) Alliance and Defendant Francis also paid Plaintiff in cash for some work and did not include those payments on Plaintiff's IRS 1099 forms. (*Id.* ¶¶ 74–77.)

Plaintiff alleges he "worked more than 40-hours during numerous weeks and [] was not compensated for hours worked in excess of 40 hours. . . ." (*Id.* ¶ 85.) Plaintiff further asserts that Alliance failed to keep accurate records of hours he worked (*Id.* ¶ 100), paid him and other workers in cash for some work, (*Id.* ¶¶ 74, 77, 115), and intentionally manipulated its payroll records. (*Id.* ¶ 116.)

Alliance terminated its relationship with Plaintiff in October 2021. (*Id.* ¶ 48.) Plaintiff maintains that because Alliance did not pay into the unemployment system during his time with the company, Plaintiff was ineligible to collect unemployment benefits after the termination of his employment. (*Id.* ¶¶ 44, 49.) Plaintiff further asserts that after he

---

[1] In the amended complaint, Plaintiff reasserts many of the facts that he alleged in the original complaint. The summary of Plaintiff's factual allegations is identical in many respects to the summary in the first Recommended Decision.

filed a SS-8 form with the IRS in 2022 (*Id.* ¶ 45), the IRS determined that Plaintiff had been an employee of Alliance. (*Id.* ¶ 46.) After Plaintiff's work with Alliance ended, Plaintiff started his own home inspection business. (*Id.* ¶ 50.) According to Plaintiff, in April 2022, Defendant Francis sent an email to Plaintiff threatening legal action unless Plaintiff ceased business operations. (*Id.* ¶ 51.) Plaintiff asserts that in that email, Defendant Francis stated he was relying on legal advice from the law firm Eaton Peabody and the attorney Dave Attoney. (*Id.* ¶¶ 52, 55; Email, ECF No. 13-3.)

Plaintiff alleges the following claims: breach of fiduciary duty (Count I), filing fraudulent tax information (Count II), violations of the Fair Labor Standards Act (Count III), interference with business by fraud or intimidation (Count IV), violations of Maine's Unfair Trade Practices Act (Count V), Unjust Enrichment (Count VI), the intentional infliction of emotional distress (Count VII), tortious interference with business advantage (Count VIII), and extortion (Count IX).

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants

the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

### A.    Count I – Breach of Fiduciary Duty

"Under Maine common law, the elements of a breach of fiduciary claim are (1) a fiduciary relationship between the plaintiff and another person, (2) a breach of the other person's fiduciary duty toward the plaintiff, and (3) damages incurred by the plaintiff proximately caused by the breach." *Meridian Med. Sys., LLC v. Epix Therapeutics, Inc.*,

2021 ME 24, ¶ 12, 250 A.3d 122.  The mere fact that Plaintiff worked for Alliance and Defendant Francis is insufficient to establish a fiduciary relationship.  As a general rule, an employer is not considered a fiduciary of an employee.  Matthew T. Bodie, *Employment as Fiduciary Relationship*, 105 GEO. L. J. 819, 819 (2017) ("[C]urrent law does not hold employers to be fiduciaries of their employees. . . ."); *see, e.g.*, *Budget v. Tiffany & Co.*, 547 N.Y.S.2d 81, 82 (N.Y. App. Div. 1989).   Plaintiff has not alleged enough facts to support a finding of a fiduciary relationship.

### B.     Count II – Fraudulent Filing of Information Return

In his amended complaint, Plaintiff alleges that in addition to misclassifying him as an independent contractor, Alliance and Defendant Francis also paid Plaintiff in cash for some work and did not include those payments on Plaintiff's IRS 1099 forms.  (Amended Complaint ¶¶ 74–77.)  Some courts have found that underreports of payments to employees may support a claim under 26 U.S.C. § 7434.[2]  *See Greenwald v. Regency Mgmt. Servs. LLC*, 372 F. Supp. 3d 266, 270–71 (D. Md. 2019); *Rosario v. Fresh Smoothies LLC*, No. 20-cv-5831 (LJL), 2021 WL 5847633, at *6 (S.D.N.Y. 2021) (granting plaintiff default judgment when W-2 form filed by defendant did not reflect cash payments made to plaintiff).  That is, underreported payments can suggest that an employer was attempting to defraud tax authorities by reducing the employer's tax obligation.  *See Greenwald*, F. Supp. 3d at 271. Given that Defendants classified Plaintiff as an independent contractor,

---

[2] Under § 7434, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."  26 U.S.C. § 7434(a).

Defendant's tax liability would be unaffected by the inclusion or exclusion of the cash payments. Because Alliance and Defendant Francis designated Plaintiff as an independent contractor, therefore, a fact finder could not reasonably infer from the alleged failure to include cash payments on the IRS form that Defendants were attempting to defraud tax authorities. In sum, Plaintiff's allegations remain conclusory and insufficient to allege a claim under § 7434.

C.     **Count III – Violations of Fair Labor Standards Act**

"Under the [Fair Labor Standards Act], an action for unpaid compensation must commence within two years after a cause of action accrues and three years if the cause of action arises out of a willful violation." *Trezvant v. Fidelity Emp'r Servs. Corp.*, 434 F. Supp. 2d 40, 51 (D. Mass. 2006) (citing 29 U.S.C. § 255(a)). A violation of the FLSA is willful, and thus subject to the three-year statute of limitations, when the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richard Shoe Co.*, 486 U.S. 1677, 1681 (1988). "[A]n employer's 'failure to keep adequate payroll records,' 'intentional manipulation of [its] records,' and the practice of paying employees 'off the books' could be 'sufficient grounds for concluding that [the employer] did not act in good faith or with a reasonable belief that it was in compliance with the FLSA.'" *Figueroa v. Cactus Mexican Grill LLC*, 575 F. Supp. 208, 214 (D. Mass. 2021) (quoting *Chao v. Hotel Oasis, Inc.*, 439 F.3d 26, 35 (1st Cir. 2007)).

In the Recommended Decision, I found that Plaintiff had not alleged sufficient facts to satisfy the willfulness standard necessary for the application of a three-year statute of

6

limitations and, therefore, Plaintiff's claim was subject to and barred by a two-year statute of limitations.[3] (Recommended Decision at 5–6.) The amended complaint addresses this issue.

Plaintiff alleges Alliance failed to keep accurate records of hours he worked, paid him and other workers in cash for some work, and intentionally manipulated its payroll records. (Amended Complaint ¶ 116.) The alleged facts, if proven, could be sufficient to establish the willfulness necessary for the three-year statute of limitations to apply. *See Figueroa*, 575 F. Supp. at 214. Additionally, Plaintiff alleges he "worked more than 40-hours during numerous weeks and [] was not compensated for hours worked in excess of 40 hours. . . ." (*Id.* ¶ 85.) Plaintiff thus has alleged a FLSA claim. *See Berrios-Nieves v. Fines Nevarez*, No. 18-1164 (JAG), 2019 WL 12043410, at *8 (D.P.R. Feb. 7, 2019).

### D.   Count IV – Interference by Means of Fraud or Intimidation

Because interference by means of fraud or intimidation is an element in tortious interference with a prospective business advantage, the claim is subsumed by the tortious interference claim discussed below.

### E.   Count V – Violations of Maine Unfair Trade Practices Act

The Maine Unfair Trade Practices Act provides a private remedy for "[a]ny person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property

---

[3] Plaintiff was employed by Alliance from September 2020 to October 2021. (Complaint ¶ 9, ECF No. 1; Amended Complaint ¶ 9.) Plaintiff filed his complaint on October 3, 2024, more than two years after he was last employed by Alliance. (*Id.* at 1.)

. . . as a result of the use or employment by another person of a [prohibited trade practice]." 5 M.R.S. § 213(1). Plaintiff has not alleged that he purchased or leased goods, services or property for family or household purposes and, therefore, has not alleged a claim under the Maine Unfair Trade Practices Act. *Johnson v. Gahagan*, No. CIV. A. CV-00-576, 2001 WL 1708833, at 4 (Me. Super. Ct. Apr. 6, 2001).

### F. Count VI – Unjust Enrichment

> To establish a claim for unjust enrichment, three elements must be proven: [One] a benefit conferred upon the defendant by the plaintiff; [two] an appreciation or knowledge by the defendant of the benefits; and [three] the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.

*Aladdin Elec. Assocs. V. Town of Old Orchard Beach*, 645 A.2d 1142, 1144 (Me. 1994) (quoting *A.F.A.B., Inc. v. Town of Old Orchard Beach*, 610 A.2d 747, 749 (Me. 1992)).

Plaintiff alleges Alliance and Defendant Francis were unjustly enriched because by classifying him as an independent contractor they avoided the employer portion of payroll taxes and overtime pay. (Amended Complaint ¶¶ 149–158.) The allegations regarding overtime pay are not actionable because "state claims that duplicate [Fair Labor Standard Act] claims are preempted." *Cosman v. Simon Roofing & Sheet Metal Corp.*, No. 12-11537-DJC, 2013 WL 2247498, at *2 (D. Mass. May 17, 2013). Plaintiff has, however, alleged an unjust enrichment claim based on the payroll taxes.

### G. Count VII – Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress under Maine law a plaintiff must show that:

8

> (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from [the defendant's] conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Curtis v. Porter*, 2001 ME 158, ¶ 10, 784 A.2d 18 (quoting *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 15, 711 A.2d 842) (cleaned up). "The determination of whether the facts alleged are sufficient to establish that the defendant's conduct is 'so extreme and outrageous to permit recovery' is a question of law for the court to decide." *Agereow v. Weisberg*, 2018 ME 140, ¶ 27, 195 A.3d 1210 (quoting *Champange*, 1998 ME 87, ¶ 16, 711 A.2d 842).

Plaintiff alleges that the email allegedly sent by Defendant Francis, on the advice of his attorney, caused Plaintiff humiliation, mental anguish, and emotional distress. As a matter of law, this purported email "is not so outrageous and atrocious that it would be utterly intolerable in a civil society." *Davis v. Theriault*, No. 1:22-cv-00275-JDL, 2023 WL 5628193, at *59 (D. Me. Aug. 31, 2023) (finding that the filing of complaints about municipal officials, the alleged dissemination of confidential information, and engaging in a "smear" campaign were insufficient); *see also Argereow*, 2018 ME 140, ¶ 28, 195 A.3d 1210.

H.  **Count VIII – Tortious Interference with Business Advantage**

"Tortious interference with a prospective economic advantage requires a plaintiff to prove: (1) that a valid contract or prospective economic advantage existed; (2) that the

defendant interfered with that contract or advantage through fraud or intimidation; and (3) that such interference proximately caused damages." *Rutland v. Mullen*, 2002 ME 98, ¶ 13, 798 A.2d 1104 (footnotes omitted).

> The elements of inference by fraud are: (1) mak[ing] a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or refrain from acting in reliance on it, and (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff.

*Id.* ¶ 14. "Interference by intimidation involves unlawful coercion or extortion." *Id.* ¶ 16.

Plaintiff's claim of tortious interference centers on an email allegedly sent to him by Defendant Francis. According to Plaintiff, the email states that Plaintiff's business is in violation of a non-compete agreement and that Defendant Francis had "lived up to [his] promise of not discussing to your wife the reasons as to why you were terminated out of respect at the time for you." Neither the email nor any other allegations are sufficient to support a finding of fraud, coercion, or extortion necessary to satisfy the pleading standard for tortious interference.

## I.   Count IX – Blackmail-Extortion

Plaintiff alleges that Defendants' conduct constitutes blackmail and extortion. To the extent Plaintiff seeks to assert a claim based on violation of criminal statutes prohibiting blackmail and extortion, Plaintiff's claim fails. "[I]t is well-settled that criminal statutes do not provide a private cause of action. . . ." *Lundgren v. Universal Wilde*, 384 F. Supp. 3d 134, 136 (D. Mass. 2019); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).

Plaintiff's claim also fails to the extent he seeks to assert a tort claim based on blackmail or extortion. Plaintiff does not cite to any authority, nor has any authority been

identified, that suggests Maine recognizes a civil cause of action for blackmail or extortion. *See Godfredson v. JBC Legal Group, P.C.*, 387 F. Supp. 2d 543, 555 (E.D.N.C. 2005) (dismissing claim for civil extortion when "survey of the applicable North Carolina authority indicate[d] that no civil cause of action exists for the tort of extortion."); *see also Rader v. ShareBuilder Corp.*, 772 F. Supp. 2d 599, 606 (D. Del. 2011) ("Blackmail and extortion are, in almost all jurisdictions, crimes, not civil causes of action."). Plaintiff, therefore, has failed to assert a claim based on blackmail or extortion.

## CONCLUSION

Based on the foregoing analysis and the analysis in the original Recommended Decision, I recommend the Court dismiss Counts I (breach of fiduciary duties), II (fraudulent filing of information return), IV (interference by means of fraud or intimidation), V (violation of Maine Unfair Trade Practices Act), VII (intentional infliction of emotional distress), VIII (tortious interference with prospective business advantage), and IX (blackmail/extortion) of Plaintiff's amended complaint. I further recommend the Court permit Plaintiff to proceed against Alliance and Defendant Francis on Counts III (Fair Labor Standards Act) and VI (unjust enrichment) of the amended complaint.[4]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered

---

[4] Plaintiff has alleged no facts that would support a claim against Dave Attoney or Eaton Peabody. "It is well settled that attorneys are "'immunized from liability under the shield afforded attorneys in advising their clients, even when such advice is erroneous, in the absence of fraud, collusion, malice or bad faith.'" *Pecile v. Titan Capital Group, LLC*, 947 N.Y.S. 2d 66, 67 (N.Y. App. Div. 2012) (quoting *Beatie v. DeLong*, 561 N.Y.S. 2d 448, 451 (N.Y. App. Div. 1990)).

pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                        /s/ John C. Nivison
                                        U.S. Magistrate Judge

Dated this 2nd day of January, 2025.