UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| KEVIN MACVICAR | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) ) | 1:24-cv-00341-LEW |
| ALLIANCE HOME INSPECTIONS, et al., | ) ) ) | |
| Defendants | ) | |

**ORDER ON OBJECTION TO RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On November 13, 2024, United States Magistrate Judge John C. Nivison filed with the court, with copies to the Plaintiff, his Recommended Decision (ECF No. 9) on Plaintiff's pro se Complaint, recommending its dismissal for failure to state a federal claim and the parties' non-diverse state citizenship.  On December 9, the Plaintiff filed a First Amended Complaint (ECF No. 13).  On January 2, 2025, Magistrate Judge Nivison filed his Supplemental Recommended Decision (ECF No. 14), which recommended that most of Plaintiff's claims be summarily dismissed for failure to state a claim, but that he be allowed to proceed on his claim that Defendants violated the Fair Labor Standards Act and a state law claim for unjust enrichment.  The plaintiff filed an objection to the Recommended Decision on January 21, 2025. (ECF No. 15.)

I have reviewed and considered the Supplemental Recommended Decision, together with the entire record, and I have made a *de novo* determination of all matters adjudicated

by the Supplemental Recommended Decision. For reasons that follow, I adopt the Supplemental Recommended Decision in part and reject it in part.

### Counts III and VI

As to Counts III (FLSA) and VI (unjust enrichment), I concur that the amended complaint appears to allege plausible claims.

### Counts I, IV, V, VII, and IX

As to Counts I (breach of fiduciary duties), IV (a claim that is redundant of Count VIII), V (Maine Unfair Trade Practices Act), VII (intentional infliction of emotional distress), and IX (blackmail/extortion), I concur with the recommendations of the Magistrate Judge for the reasons set forth in the Recommended Decision and Supplemental Recommended Decision and determine that no further proceeding is necessary. Those claims are dismissed and upon service of the amended complaint need not be answered.

As for the recommended dismissal of Defendants "Dave Attoney" and the Eaton Peabody law firm, I concur with the recommendation and find that the First Amended Complaint does not plausibly allege a basis for their liability. All claims against them are dismissed.

I address the remaining claims below.

### Counts II and VIII

I disagree with the appropriateness of summary dismissal for Counts II (fraudulent filing of information return), and VIII (tortious interference with prospective business advantage).

To avoid dismissal, MacVicar's Amended Complaint must provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8 standard is informed by a plausibility standard. The short and plain statement must "plausibly narrate a claim for relief." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002)).

As for Count II (fraudulent filing of information return), this is the first time I have encountered such as claim. The statute states in relevant part: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434. To establish a claim under 26 U.S.C. § 7434, a plaintiff must prove that the defendant (1) issued an information return; (2) the information return was fraudulent; and the defendant (3) willfully issued a fraudulent information return. *Beckman v. Regina Caeli, Inc.*, -- F. Supp. 3d --, 2024 WL 5162409, at *11 (N.D. Ga. Sept. 23, 2024). The recommendation of dismissal turns on the fact that Defendants classified Plaintiff as an independent contractor and for that reason the non-reporting of cash payments is immaterial. Perhaps that is so. Perhaps not. Plaintiff's allegation of independent contractor misclassification coupled with unreporting of cash payments may together rise to a material misrepresentation. *See id.* at *13. Given the rarity of these cases,

3

I am not convinced that the claim deserves to be screened under the in forma pauperis statute without the need for an answer from the Defendants.

As for Count VIII (tortious interference), the recommendation is that the claim be dismissed because the allegations do not describe an act of fraud, coercion, or extortion. "Tortious interference with a prospective economic advantage requires a plaintiff to prove: (1) that a valid contract or prospective economic advantage existed; (2) that the defendant interfered with that contract or advantage through fraud or intimidation; and (3) that such interference proximately caused damages." *Rutland v. Mullen*, 798 A.2d 1104, 1110 (Me. 2002) (footnotes omitted). The requirement of fraud or intimidation is a function of a judicial policy of avoiding a tort standard that is so low as to impede conduct "inherent in a healthy competitive economic environment." *Id.* at 1110 n.5.

As alleged, Defendants threatened to enforce a non-competition agreement against Plaintiff even while representing to Plaintiff and the IRS that Plaintiff was an independent contractor rather than an employee. The insistence that Plaintiff is an independent contractor subject to a non-competition agreement that bars him from conducting his independent trade is, plausibly, coercive and deceitful. *Cf. Lacy v. Marketplace Acquisitions, LLC*, No. 21-cv-12312, 2023 WL 4831400, at *7 (E.D. Mich. July 27, 2023) (observing that the use of noncompetition agreements suggests that a person is an employee rather than an independent contractor). Although this peculiarity of the case may not be enough to make the claim viable in the final analysis, it warrants a closer examination and militates against summary dismissal of Plaintiff's tortious interference claim in the absence of an answer from the Defendants.

## CONCLUSION

The Recommended Decision (ECF No. 9) and Supplemental Recommended Decision (ECF No. 14) are **IN PART ADOPTED** and **IN PART REJECTED.**

Counts I, IV, V, VII, and IX of Plaintiff's First Amended Complaint are dismissed.

Defendants Eaton Peabody and Dave Attoney are dismissed / will not be served.

Plaintiff can proceed against Alliance Home Inspections and Defendant Troy Francis on Counts II, III, VI, and VIII of the First Amended Complaint. Because Plaintiff is proceeding in forma pauperis, the Clerk will attend to the service of Plaintiff's First Amended Complaint on Defendants Alliance Home Inspections and Troy Francis.

So Ordered.

Dated this 4th day of March, 2025.

　/s/ Lance E. Walker　
Chief U.S. District Judge