UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| KEVIN MACVICAR, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00341-LEW |
| | ) | |
| ALLIANCE HOME INSPECTIONS & | ) | |
| TROY FRANCIS | ) | |
| | ) | |
| Defendants | ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Self-represented Plaintiff Kevin MacVicar brings this action against Defendants Alliance Home Inspections and its owner Troy Francis. MacVicar alleges that Defendants violated state and federal law by improperly classifying him as an independant contractor instead of an employee, manipulating payroll, and generally interfering with MacVicar's business. Before the Court is Defendants' Motion to Dismiss (ECF No. 20). For the following reasons Defendants' motion is DENIED.

## BACKGROUND

The following facts are drawn from the First Amended Complaint ("FAC," ECF No. 13). They are presumed to be true for present purposes. *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018) ("We take the complaint's well-pleaded facts as true, and we draw all reasonable inferences in the plaintiffs' favor.").

From September 2020 to October 2021, MacVicar was employed by Alliance Home Inspections. Although no written employment contract existed, Alliance and its owner

Troy Francis told MacVicar when he was hired that he was a 1099 independent contractor. MacVicar, however, contends that he should have been classified as an employee and pleads several facts to that end. Nonetheless, Defendants provided MacVicar with a 1099 form instead of a W-2. Defendants also never paid employer payroll taxes, and MacVicar pleads that he had to pay the unpaid taxes to the IRS.

MacVicar adds that during his work for Alliance, he often worked more than 40 hours but was not paid for his extra time. MacVicar claims Alliance did not keep accurate records of hours worked for its employees. Instead, Defendants at times paid MacVicar "off the books" in cash payments not recorded on MacVicar's 1099. Am. Compl. ¶¶ 74-77, 100. MacVicar contends Alliance intentionally manipulated its payroll records to hide any violations. In 2022, when MacVicar filed an SS-8 (determination of employee status) form with the IRS, the agency concluded that MacVicar had been an employee.

In 2021, Alliance terminated its relationship with MacVicar. Because Alliance did not pay into unemployment, MacVicar could not collect any such benefits. MacVicar then started his own home inspection service. According to MacVicar, Alliance and Francis did not take kindly to his start-up. Defendant Francis reportedly sent an email, with the advice of his attorneys, to MacVicar threatening legal action for violating a noncompete agreement.

Last October, MacVicar filed suit. In his original Complaint (ECF No. 1), MacVicar alleged nine claims: (1) breach of fiduciary duty, (2) filing fraudulent tax information, (3) violations of the Fair Labor Standards Act, (4) violations of Maine's Unfair Trade Practices Act, (5) interference with business by fraud or intimidation, (6) unjust enrichment, (7)

intentional infliction of emotional distress, (8) tortious interference with a business advantage, and (9) extortion. Because MacVicar proceeded pro se and without paying filing fees, his Complaint was screened by Magistrate Judge John C. Nivison. *See* 28 U.S.C. § 1915. Judge Nivison's Recommended Decision ("Rec. Dec."; ECF No. 9) concluded that MacVicar had failed to allege sufficient facts to support any of his claims.

In response, MacVicar amended his complaint. The Amended Complaint brought the same nine claims but alleged additional supporting facts. Judge Nivison's Supplemental Recommended Decision (ECF No. 14), recommended dismissal of all MacVicar's claims except the alleged violations of the Fair Labor Standards Act and unjust enrichment claims. In my Order on the Recommended Decision (ECF No. 16), I largely agreed with Judge Nivison's assessment. However, I concluded that MacVicar could also proceed with his claims of fraudulent filing of information return and tortious interference with prospective business advantage. Defendants' Motion to Dismiss addresses these four remaining claims.[1]

---

[1] Defendants' Motion to Dismiss also argues that MacVicar's claims should be dismissed for improper service of summons. Defendants claim the original Complaint was served on the wrong person but "eventually made its way" to them. Mot. at 3. The record shows the summonses for both Defendants were left at the front door of the same address, ECF Nos. 18-19, which indeed seems insufficient. However, MacVicar is proceeding pro se and therefore the United States Marshals served the Complaint. MacVicar "will not be held responsible for the mistakes of the United States Marshall who effected improper service of process" when the improper service was "harmless" to the case. *Connolly v. Shaw's Supermarkets*, *Inc.*, 355 F. Supp. 3d 9, 17 (D. Mass. 2018). A mistake is "harmless" where Defendants still received "actual notice" and "was not prejudiced" by improper service. *Id.* at 16. Defendants clearly had notice as the original Complaint "made its way" to them one way or another. Nor do I find that Defendants were prejudiced by receiving, after a delay, the original Complaint instead of the Amended Complaint. Defendants' Motion to Dismiss, after all, contained a preface addressing the allegations of the Amended Complaint. Defs' Mot. at 3-5.

# DISCUSSION

To survive dismissal, MacVicar must plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). His statement must "plausibly narrate a claim for relief." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). Plausible means "something more than merely possible." *Id.* I accept MacVicar's factual allegations as true and consider whether he has described a plausible, rather than merely conceivable, claim. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). But I may ignore conclusory statements that just recite elements of the claim. *Cheng v. Neumann*, 51 F.4th 438, 443 (1st Cir. 2022).

## A. FAIR LABOR STANDARDS ACT

Defendants argue that the applicable statute of limitations bars MacVicar's Fair Labor Standards Act ("FLSA") claim. A statute of limitations defense may support a motion to dismiss if "the facts establishing the defense [are] clear 'on the face of the plaintiff's pleadings.'" *Blackstone Realty, LLC v. FDIC*, 244 F.3d 193, 197 (1st Cir. 2001) (quoting *Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 591 (1st Cir. 1989)). Here I do not find that MacVicar's First Amendment Complaint clearly establishes Defendants' statute of limitation defense.

Generally, the FLSA has a two-year statute of limitations. 29 U.S.C. § 255(a). From MacVicar's pleadings, the latest an FLSA violation may have occurred was October 2021. MacVicar filed his complaint in October 2024, so his claim is seemingly barred. However, the FLSA provides an exception that "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." *Id.* Thus, if

MacVicar's pleadings plausibly establish Defendants' willfulness, his claim will proceed. FLSA violations are willful where the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richard Shoe Co.*, 486 U.S. 1677, 1681 (1988).  Indicators of willfulness include failing to keep adequate payroll records, manipulating records, and paying employees off the books. *Chao v. Hotel Oasis, Inc.*, 949 F.3d 26, 35 (1st Cir. 2007); *Figueroa v. Cactus Mexican Grill LLC*, 575 F.Supp.3d 208, 214 (D. Mass 2021).

Defendants argue MacVicar has failed to plead willfulness. They urge that MacVicar has not plead facts like *Chao* or *Figueroa*, such as an employer keeping separate books or threatening employees not to reveal that they are being paid in cash. Defendants contend MacVicar has merely stated bald allegations to support a FLSA claim. Essentially, Defendants argue for a level of specificity not required of MacVicar. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("[A]llegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less strigent standards than formal pleadings drafted by lawyers.'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).[2]  MacVicar plead that Defendants did not keep accurate records, sometimes paid him and others in cash, and did not pay him for work in excess of 40 hours, all of which plausibly support the alleged FLSA violation being willful. In screening the pleadings, Judge Nivison found the FLSA claim was plausibly not time barred. In doing so, he applied the same plausibility standard as ruling

---

[2] Given the lenity afforded to pro se plaintiffs' complaints, I also do not entertain Defendant's argument that "to October" is not the same as "through October" and that this constitutes another ground for time barring Defendant's FLSA claim.

on a 12(b)(6) motion to dismiss. I agreed with his assessment then and still do now. MacVicar's FLSA claim is plausibly not time barred and therefore can proceed.

**B.   FRAUDULENT FILING OF TAX INFORMATION**

MacVicar's next claim falls under 26 U.S.C. § 7434, which provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." "To establish a claim under 26 U.S.C. § 7434, a plaintiff must prove that the defendant (1) issued an information return; (2) the information return was fraudulent; and the defendant (3) willfully issued a fraudulent information return." *Beckman v. Regina Caeli, Inc.*, 752 F. Supp. 3d 1346, 1367 (N.D. Ga. 2024).

In his supplemental recommended decision, Judge Nivison noted that some courts found underreporting employee payments could support a fraudulent filing claim. Supplemental Rec. Dec. at 5 (citing *Greenwald v. Regency Mgmt. Servs. LLC*, 372 F. Supp. 3d 266, 270-71 (D. Md. 2019); *Rosario v. Fresh Smoothies LLC*, No. 20-cv-5831, 2021 WL 5847633, at *6 (S.D.N.Y. Dec. 9, 2021)). Nonetheless, Judge Nivison recommended MacVicar's fraudulent filing claim should be dismissed because Defendants classified him as an independent contractor. Therefore, excluding cash payments to MacVicar would not affect Defendants' tax liability and it would be unreasonable for a fact finder to infer the exclusion was willfully fraudulent.

In my Order on the Recommended Decision, I disagreed and found that MacVicar's "allegation of independent contractor misclassification coupled with unreporting of cash payments may together rise to a material misrepresentation. Given the rarity of these cases

6

I [was] not convinced that the claim deserves to be screened . . . without the need for an answer from the Defendants." Order on Rec. Dec. at 3.

Now answering, Defendants first argue for dismissal because MacVicar has not filed a copy of the Complaint with the IRS, as required by statute. 26 U.S.C. § 7434(d). But Defendants "do[] not cite—and this Court is not aware of—any authority in support of their argument that a Section 7434 claim must be dismissed if a plaintiff fails to provide the [IRS] a copy of each version of a complaint when it was filed with the court."[3] *Schmelzer v. Animal Wellness Ctr. of Monee, LLC*, No. 18-cv-1253, 2022 WL 3026911, at *10 (N.D. Ill. Aug. 1, 2022).

Defendants also argue that MacVicar has failed to plead fraud with specificity. *See* Fed. R. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). To satisfy Rule 9's particularity requirement, MacVicar must "(1) specify the statements [he] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Suna v. Baily Corp.*, 107 F.3d 64, 68 (1st Cir. 1997) (quotations and citations omitted).

MacVicar has plead that Defendants fraudulently prepared his 1099 tax forms both by misclassifying him as an independent contractor and by failing to include cash payments made to him. Such pleading satisfies the first three elements of Rule 9. As to why the

---

[3] Nonetheless, as MacVicar is proceeding in forma pauperis from prison, the Clerk of Court is directed to file a copy of the Amended Complaint with the IRS.

7

statements were fraudulent, I have already found it plausible that MacVicar's "allegation of independent contractor misclassification coupled with unreporting of cash payments may together rise to a material misrepresentation." Order on Rec. Dec. at 3. MacVicar has plead sufficiently enough that his fraud claim requires the further development of a factual record.

### C. REMAINING STATE LAW CLAIMS

Defendants' only argument for dismissing MacVicar's state law claims is that this Court would no longer have jurisdiction over such claims after dismissing MacVicar's federal law claims. As I have not dismissed the federal claims, supplemental jurisdiction over the state claims remains.

### CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss (ECF No. 20) is DENIED. The Clerk "shall provide a copy of the [Amended] complaint to the Internal Revenue Service" on behalf of Plaintiff, who proceeds here pro se and in forma pauperis. 26 U.S.C. § 7434. The Clerk will also see to the proper service of the Amended Complaint on Defendants, beginning by requesting in writing that Defendants waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Dated this 29th day of July, 2025.

/s/ Lance E. Walker
Lance E. Walker
Chief U.S. District Judge